## Adams & al. versus Smith.

An indorsement of a note to a bank, without specifying the particular bank, (there being a blank space in which to insert the name,) is but a blank indorsement, which any lawful holder of the note may so alter as to insert his own name.

By the holder's lodging such note at a bank for collection, such blank indorsement is not converted into an indorsement to the bank.

The indorsement of a note by the payee, " *on account of the payee,*" made to a bank, without specifying the name of the bank, is not a restrictive indorsement.

The authority of one who indorses a note as the secretary of a corporation need

not to be proved by any record or usage. It is sufficiently shown by uncontradicted testimony from a witness, that such person was the secretary and had the authority.

A note indorsed and transferred, before its pay-day, by the payee to his creditor, in discharge of a debt, is to be considered a note transferred in the ordinary course of business, and in a suit by the indorsee against the maker will be protected against any set-off claims or equitable defences, which might have prevailed in a suit by the payee against the maker.

The indorsee of a negotiable note purchasing it for value before its pay-day, may recover in an action against the maker, though, when taking the note, he knew that, between the maker and the payee, there was a written stipulation that, on a specified contingency, the note was not to be paid, and although before the pay-day, such contingency actually occurred.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.

ASSUMPSIT by the indorsee against the maker of a promissory note of $72,25, payable in fourteen months to the Protection Insurance Company of New Jersey or order, at the Augusta Bank. Upon the face of the note were the words " No. Brig Cushnoc." The note was upon a printed form, and upon the back of it the following words had been printed, " Pay to the order of the Protection Insurance Company of New Jersey."

" Pay to the        Bank on account of the Protection Ins. Company of New Jersey." Under this indorsement was the signature " W. Earl, a Sec'y."

Under this was another indorsement, " Pay to the order of Daniel Pike, cashier. S. P. Baker, Cashier."

The note was received by the plaintiffs in payment of a debt due to them from the Insurance Company.

After this suit was commenced, and before the trial, the plaintiffs' counsel had altered the indorsement, over the signature of Earl, so as to read — " Pay to the order of A. & W. Adams."

The signature of Earl was shown to be genuine. To show that Earl had authority to make the indorsement, the plaintiffs relied wholly upon the evidence given by one Edwards, whose testimony on that point was simply, that Earl had such authority.

The note had been lodged by the plaintiffs for collection at

the Mariner's Bank, of which Baker was the cashier. Baker, shortly before the pay-day, sent it for collection to the cashier at Augusta. It was there protested, and was returned to Baker, who thereupon obliterated the indorsement which had been made by him.

The defendant filed in set-off a claim against the Insurance Company for damage to brig Cushnoc by a disaster, which happened during the life-time of the policy, and prior to the pay-day of the note, $400, and offered to introduce the policy of insurance upon the brig Cushnoc by said Company, for which the note was given, which policy among other things contained a stipulation ; viz. "In case of loss, such loss to be paid in thirty days after proof of the loss and of interest in the assured, the amount of the note given for the premium being first deducted." The note in suit is the one given for the premium. The defendant further offered to prove, that the brig was his property ; that the note was given for insurance upon her ; that she was lost within the life-time of the policy, and before the pay-day of the note ; that the requisite steps for proving and perfecting his claim had been duly taken ; that his claim under the policy exceeds the amount of the note ; and that the said stipulation in the policy was known to the plaintiffs, at the time of its indorsement to them.

If, upon these facts, with the facts which the defendant offered to prove, the action is maintainable, a default is to be entered by consent.

*Wood & Foote*, for the plaintiffs.

*Ingalls*, for the defendant.

1. The indorsement by Earl was not a blank indorsement, and the plaintiffs therefore had no authority to alter it. Story on Bills, § 206 ; Story on Prom. Notes, § 138.

2. But if originally a blank indorsement, it ceased to be such when received by the Mariner's Bank as a paper indorsed to them. There was, at first, a blank for inserting the name of the bank to which it might be negotiated. When the Mariner's Bank took it, the indorsement was to them.

So they viewed it, as appears by the action of their cashier in his indorsement. The only name, then, in which the blank could be filled was that of the Mariner's Bank. The insertion of the plaintiff's name in that blank was unauthorized. The indorsement by the Mariner's Bank has been expunged, so that the plaintiffs can make no claim through them. The note therefore has never been negotiated to the plaintiffs.

3. The indorsement by Earl, as agent of the Insurance Company, was a restricted one, for their own use. The defendant, then, is entitled to the same defence as if the suit were by the payees. Story on Prom. Notes, § 138, note; *Nevins* v. *DeGrand,* 13 Mass. 436; *Wilson* v. *Holmes,* 5 Mass. 543; Chitty on Bills, 104; Story on Bills, § 206, 212, 213.

4. The plaintiffs had *knowledge* of the stipulation by the payees, that, in case of loss, the note was not to be paid, but that its amount was to be simply deducted from the amount of the loss. Our account in set-off is for that very loss. We are therefore entitled to have the set-off made.

5. There was no sufficient or admissible evidence that Earl had authority to indorse the note. No appointment, no vote, no record was offered to show such authority, nor did the witness Edwards point out from whom or in what way, the authority was given. Angell and Ames on Corporations, § 277, 281, 283; *Methodist Chapel* v. *Herrick,* 25 Maine, 354.

Whether Earl had such authority, was a question of *law* upon the facts. But no facts were shown, and the *witness* was left to decide the law, and that too, perhaps without any knowledge of the facts. And if he supposed he was acquainted with the facts, they were probably but matters of hearsay. There is then a failure of proof that the note was ever rightfully indorsed to the plaintiffs.

HATHAWAY, J. — Assumpsit on a note, made by the defendant, payable to the Protection Insurance Company of New Jersey, or order, indorsed and transferred to the plaintiffs, by W. Earl, as agent of said company. The authority of Earl

to transfer it was proved by the deposition of Edwards, in the case, which was competent for that purpose. 2 Greenl. Ev. § 62.

The plaintiffs left the note at the Mariner's Bank for collec-. tion. The indorsement of Baker, cashier, for the purpose of collecting it, can have no effect upon the rights of the parties to this suit. The printing on the back of the note, directly over the signature of W. Earl, was merely an unfilled blank, and amounted to nothing. The note, therefore came into the plaintiffs' hands as if those printed words had not been there.

The note was the property of the Insurance Company, unpaid and negotiable, and having been transferred to the plaintiffs in the ordinary course of business by indorsement, before its maturity, they are entitled to recover the amount due upon it, and a default must be entered.

SHEPLEY, C. J., and WELLS, HOWARD and RICE, J. J., concurred.