SAMUEL McCARTY, Appellant, *v.* ORRIN D. HOWELL, Appellee.

APPEAL FROM THE COURT OF COMMON PLEAS OF THE CITY OF AURORA.

One part of a contract will be so construed with another as to make the whole stand if possible, construing ambiguous words most strongly against the party who uses them.

A note made payable four months after date, or as soon as the maker shall collect a note from A. D., will be construed as payable absolutely in four months, or at an earlier day if A. D. should pay his note before that time.

McCarty *v.* Howell.

THIS was a suit against defendant for trespass on the case upon promises, damages $200, directed to the sheriff of Kane county.

First count of the declaration avers that the defendant, on the 26th day of August, A. D. 1858, made a promissory note bearing date on that day, and then and there delivered the same to Gideon Marlett, by which said note the said defendant, by the name of S. McCarty, promised to pay to Gideon Marlett, or bearer, by the name of G. Marlett, one hundred and twenty-five dollars with use, four months after the date thereof, or as soon as the said defendant shall be able to collect a certain note against Abram Davis, of Chicago, for value received, and the said Gideon Marlett then and there indorsed and delivered the said note to plaintiff, for value received. Also, common money counts, and count for goods sold, and count on account stated.

Plea of general issue, non assumpsit, sworn to, with joinder by the plaintiff.

At June term, 1859, there was a verdict for the plaintiff, assessing his damages at one hundred and thirty-one dollars. Motion by defendant for new trial and in arrest of judgment, overruled. The cause was tried before PARKS, Judge, and a jury.

The following note was offered in evidence by the plaintiff below:

*Aurora, August 26th, 1858.*

Four months after date, or as soon as I shall be able to collect a certain note against Abram Davis, of Chicago, for value received, I promise to pay G. Marlett, or bear, one hundred and twenty-five dollars, with use.

(Signed)                    S. McCARTY.

And upon the back of said note is the following indorsement:

Pay this note to Orrin D. Howell.
(Signed)            GIDEON MARLETT.

The signatures were proved.

The plaintiff then asked the following instruction, which was given:

"The jury are instructed that this note of McCarty, the defendant, became absolutely due at the expiration of the four months after the date thereof, whether McCarty has been able to collect the Abram Davis note or not. But if McCarty had collected the Abram Davis note before the expiration of the four months, then he would be liable to pay this note before the four months elapsed mentioned in this note, if the jury believe, from the evidence, that it is the true and genuine signature of McCarty attached to said note, and Gideon Marlett indorsed the same."

S. W. Brown, for Appellant.

Montony & Searles, for Appellee.

Breese, J.   There is a rule universally recognized in the construction of statutes which is equally applicable to the construction of contracts.   It is this: that one part of a statute must be so construed by another that the whole may, if possible, stand; and that if it can be prevented, no clause, sentence or word shall be superfluous, void or insignificant.   There is another rule in the construction of written contracts, that the words used, where ambiguous, are to be construed most strongly against the party employing them, regard being had, however, to the apparent intention of the parties, as collected from the whole context of the instrument.   *Walker, etc.,* v. *Kimball,* 22 Ill. R. 538–9.

Blackstone says, " The principle of self-preservation will make men sufficiently careful not to prejudice their own interests by the too extensive meaning of their words, and hereby all manner of deceit in any grant is avoided, for men would always affect ambiguous and intricate expressions, provided they were afterwards at liberty to put their own construction upon them." 2 Blackstone's Com. 380, side paging.   And this rule holds not only in grants, but extends, in principle, to all other engagements and undertakings.   With respect to written contracts, the generally received principle of law is, that the party making any instrument, should take care so to express the amount of his own liability, as that he may not be bound further than it was his intention he should be bound; and, on the other hand, that the party who receives the instrument, and parts with his goods on the faith of it, should rather have a construction put upon it in his favor, because the words of the instrument are not his, but those of the other party.

Chancellor Kent says, the true principle of sound ethics, is to give the contract the sense in which the person making the promise, believed the other party to have accepted it, if he in fact did so understand and accept it.   2 Kent's Com. 556.

Testing this case by these rules, we have but little difficulty. To give effect to the words " four months after date," it is necessary to give to the note this meaning, as the understanding of the parties to it, that A. Davis' note was payable before the note in suit was contracted to be paid.   The appellant contends those words were inserted for the benefit of the maker of the note, and so designed by the parties.   We do not understand the insertion of these words could have benefited the maker in any sense, if he was not to pay the note until he had collected

the Davis note. It is not possible it could be for the benefit of the maker to stipulate that the note should be paid at the end of four months, when, if his construction be correct, he might never be required to pay it, its payment being made to depend on the contingency of the payment of the Davis note, which might never happen. If the intention of the maker had been to make this note depend on the payment of the Davis note, he would have used this language : " So soon as I collect the note on A. Davis, of Chicago, I will pay, etc."

But he has undertaken to pay, absolutely, " four months after date ; " that is a certain day fixed, but it was in the power of the payee, if he could prove the Davis note was paid before the four months expired, to have demanded payment on that event.

This construction gives effect to all the words and language used, discarding none. The other construction, for which the appellant contends, discards the words " four months after date," as meaningless. By the construction we place on it, the note has meaning, and every clause in it its due effect.

We are referred by the counsel for the appellee to some cases, as having a bearing on this case, and among them the case of *Stevens* v. *Blunt,* 7 Mass. 240.

That was an action of assumpsit on a promissory note signed by Blunt, payable to one Solomon Stevens or order, and indorsed by him to the plaintiff. The note is as follows : " Trenton, Oct. 29, 1806. This may certify that I do agree to pay unto Solomon Stevens or order, forty dollars, by the twentieth of May, or when he completes the building according to contract." It was contended that the action was not maintainable, because the note was payable on a contingency, and not at all events, and there-fore was not negotiable, and the court so instructed the jury. On appeal to the Supreme Court, the judgment was reversed, that court holding that the note was payable absolutely, at a day certain.

Mr. Rand, who was the editor of these reports, in a note, says, " This decision is clearly wrong. The promissor had a right of election to pay either at the time mentioned, or when the building should be completed according to contract. The latter event might never take place ; and therefore the note, at the election of the promisor, was payable on a contingency which might or might not happen."

According to the canons of interpretation of contracts which we have cited, the court could not have given effect to the words of the instrument without deciding as they did, and we think the decision was clearly right.

So this court decided in the case of *Harlow* v. *Boswell,* 15 Ill. R. 56.

The note, in that case, reads thus: "Twelve months after date, for value received, I promise to pay G. W. Allen, or W. H. Reed, his agent, fifty dollars, or as soon as I can sell the above amount of Allen's Vegetable Tonic." Indorsed to the plaintiff. The court, by Treat, C. J., say, "The note, on its face, was payable absolutely. The plea seeks to show it was payable on a contingency. There is nothing to indicate that the note was not certainly payable."

By our construction of the note, in this case, it would read, "Four months after date, I promise to pay, etc., but if A. Davis, of Chicago, pays his note to me before that time, I will pay it then, but at all events, I will pay it in four months from its date." The construction contended for by the appellant amounts to this : I will pay this note four months after date, but if A. Davis does not pay his note to me, then I will never pay it.

We think the court below put the proper construction upon this note, and we therefore affirm the judgment.

*Judgment affirmed.*