ROBERT H. PATTEN & another *vs.* THOMAS GLEASON.

It is no defence to an action brought on a negotiable promissory note, by an indorsee for value and before maturity, against the maker, that the plaintiff knew that an oral agreement between the maker and the payee accompanied the making of the note, by virtue of which, since maturity of the note, equities have arisen in favor of the maker, which as against the payee would constitute a good defence.

CHAPMAN, C. J. This action is brought upon a promissory note of the defendant, dated September 7, 1869, for $560, payable ninety days after date to A. S. & W. G. Lewis & Company, or order, and indorsed to the plaintiffs. It is admitted in the defence, that $500 were lent by the payees of the note to the de-

fendant, and $35 were included for the interest till its maturity, at seven per cent. The only defence alleged is, that $25 were included as a consideration for an agreement of the payees that they should procure an insurance for the amount of the note, on the adventure or charter of a certain brig of the defendant, for the defendant's benefit, and, in case the vessel should be lost, should collect the amount due on the policy, for the benefit of the defendant, in payment of the note, or should assign the policy to the defendant, and in case of the arrival of the vessel at any time before the expiration of the ninety days, the defendant should pay the note at her arrival.

The defendant further alleges that the brig was lost on the voyage, and that he offered to pay the note on the assignment and delivery of the policy to him; that the agreement of the payees was made through the agency of the plaintiffs; and that they had acknowledged the facts.

He offered also in evidence the charter party, with the following agreement, signed by the defendant, and witnessed by the plaintiff Patten, on the back of the same: " Boston, September 7, 1869. We agree to pay the sum of five hundred and sixty dollars to A. S. & W. G. Lewis & Company or order, on the performance of the within charter." If the payees had brought an action upon this agreement against the defendant, the facts alleged might have constituted a defence *pro tanto*. But the plaintiffs in this action, being indorsees of a negotiable note, given for good consideration, and negotiable before any valid defence existed and before its maturity, hold it by an independent title, not subject to equities that might arise subsequently. It is not alleged that they became liable for the performance of the contract of Lewis & Company; and certainly they are not subject to the oral agreement varying the terms of the note. None of the authorities cited for the defendant apply to an action like this in favor of indorsees.                    *Judgment on the verdict.*

*J. W. Hudson*, for the plaintiffs.

*C. G. Thomas*, for the defendants, cited *Austin* v. *Foster*, 9 Pick. 341; *Dodge* v. *Tileston*, 12 Pick. 328; *Birchard* v. *Bartlet*, 14 Mass. 279; *Goodwin* v. *Morse*, 9 Met. 278; *Burnett* v *Smith* 4 Gray, 50; *Westcott* v. *Nims*, 4 Cush. 215.