EGID WAGNER *et al.*, Appellants, *v.* JOSEPH DIEDRICH *et al.*, Respondents.

1. *Promissory note — Accommodation maker — Signature in blank — Agreement.* — A. and B. were makers of a promissory note which had become due. C. signed in blank another note, with the understanding that it was to be signed also by A. and B. and used to pay the former note. A., however, filled up the note as payable to himself and assigned it over to B., who was aware of the understanding under which it was signed by C. B. subsequently brought suit against A. and C. on the note. *Held,* that A. and B. having violated the agreement under which C. signed the note, and B. having knowledge of that agreement, C. could not be held liable to B. on the note.

*Appeal from Buchanan Circuit Court.*

*Hill & Carter,* for appellants.

*E. C. Zimmerman,* for respondents.

WAGNER, Judge, delivered the opinion of the court.

This suit was instituted by plaintiff on a negotiable promissory note alleged to have been executed by the defendant Diedrich as maker, payable to the order of one Wingerter and indorsed by Wingerter to plaintiff. Wingerter was sued as a co-defendant, but filed no answer. Diedrich, in his answer, sets up as a defense that the note sued upon was signed in blank by him, with the understanding and agreement that Wingerter, his co-defendant, and the plaintiff Wagner were also to sign the note as makers, and that the note was to be negotiated at the German Savings Bank in St. Joseph by Wingerter, and that it was made and executed in satisfaction and payment of a certain promissory note for the sum of $200 then due and payable, signed by the said Wingerter and Wagner, but not signed or executed by the defendant; that, instead of signing and executing the note as makers thereof, Wingerter and Wagner, against the will, wishes and permission of the defendant, executed the note to Wingerter, and Wingerter then fraudulently assigned the note to plaintiff Wagner, all of which said facts plaintiffs well knew and had knowledge of at and before the time of the assignment, and that the defendant signed the note for the accommodation of Wingerter and Wagner, and without any consideration, all of which plaintiffs well knew.

To this answer a replication was filed, and the cause was tried in the court with a jury. The defendant gave evidence tending to sustain the averments made in his answer, and the plaintiffs introduced testimony to support their side of the case. The jury, under instructions of the court, found for the defendant. The court of its own motion instructed the jury that they should find for the plaintiffs the amount due upon the note, with interest, unless they further found from the evidence that the defendant signed the note in blank for the accommodation of Wingerter and without any consideration therefor, and upon the understanding and condition with Wingerter that the same should not be delivered or negotiated unless the same was also signed by the plaintiff Wagner, and that the said plaintiff received the note from Wingerter with knowledge or notice of the same understanding and condition upon which the note was signed and delivered to Wingerter. This instruction, it seems to me, is so obviously correct, so completely and fully covers the whole case, that it is needless to comment on it. It requires the jury to find as facts from the evidence that there was an understanding and agreement that Wingerter and Wagner should both sign the note as makers with defendant before it should be delivered or negotiated, and that Wagner, with full knowledge of the violation of this agreement, received the note, before they were authorized to find for the defendant. That the evidence proved these facts to the satisfaction of the jury is attested by their verdict. With that verdict we have nothing to do ; it is sufficient for us to know that the jury arrived at that conclusion. The defendant is bound by his agreement and nothing more. If he agreed to sign the note for accommodation, in conjunction with Wingerter and Wagner, and they violated that agreement, and Wagner received the note with notice and knowledge of the violation, I do not see upon what principle of morality or justice the defendant can be held bound. As the instructions of the court clearly declared the law and covered all the issues in the case, it is not necessary to notice the rulings of the court in refusing plaintiffs' instructions.

The judgment is affirmed. The other judges concur.