## HOFFMAN v. LEIBFARTH.

PROMISSORY NOTE: ILLEGAL CONSIDERATION: BONA FIDE HOLDER.

*Appeal from Wapello Circuit Court.*

TUESDAY, OCTOBER 7.

ACTION on a promissory note, payable to Delahaye & Purdy, and by them indorsed to plaintiff. The defendant pleaded that the consideration of the note was certain intoxicating liquors purchased by him of the payees, and that the plaintiff received the same with the full knowledge it was given for intoxicating liquors sold in this State. There was a trial to the court, judgment for the defendant, and plaintiff appeals.

*John B. Ennis*, for appellant.

*Morris J. Williams*, for appellee.

SEEVERS, J.—The only consideration of the note was certain intoxicating liquors sold by the payees to the defendant. The note was transferred before due. The only question is whether there was sufficient evidence to warrant the court in finding the plaintiff had knowledge of the illegal consideration at the time the note was transferred to him. He testified he did not have knowledge the note was given for intoxicating liquors sold in this State, and that he bought the note in good faith; that he had been in the employ of the payees for ten years, as cashier, and their business was that of wholesale dealers in wines, liquors, glassware, kegs and casks, and dealers in foreign exchange. He further testified he had frequently discounted notes in the last five or six years, as an investment, but he declined to state for whom the discounts were made.

One of the payees testified they had in good faith sold the note to the plaintiff; that the latter had been in their employ as clerk for ten years; that plaintiff did not learn from the payees what the note was given for; that plaintiff frequently discounted notes for the payees, and had no occasion to inquire as to the solvency of the makers because the notes were indorsed by the payees. Defendant purchased intoxicating liquor of Delahaye & Purdy on at least four different occasions during the period of two years. The purchases were charged to him on their books.

This cause not being triable anew it matters not what our view would have been if the question had been submitted to us as an original proposi-

tion. We are constrained to say that it seems to us there is evidence upon which the finding can well be sustained.

It is not essential the knowledge of the plaintiff should have been established by direct testimony. It may be established by circumstances and inference therefrom. *Trustees of Iowa College v. Hill*, 12 Iowa, 462; *Lake v. Reed*, 29 Id., 258.

The fact that plaintiff was in the employ of the payees, and must from the nature of such employment, in the absence of any explanation, have had access to their books and therefrom learned the defendant had on several occasions purchased intoxicating liquors, together with the fact that his denial of knowledge is not positive as to the fact that the note was given for intoxicating liquors, and his refusal to tell for whom he discounted notes, and his doing so for the payees frequently without inquiry as to the solvency of the makers, is, we think, sufficient to warrant the finding.

There is no evidence tending to show the payees were engaged in business at any other place than in this State. The testimony of the plaintiff that he did not have knowledge the note was given for liquors sold in *this State*, under the circumstances, strongly implies he had knowledge the note was given for intoxicating liquors.

It is not for us to say the evidence was insufficient to warrant the court in inferring knowledge if the evidence tended to do so. Nor can we say the learned judge was actuated by passion or prejudice.

AFFIRMED.