JOHN H. VOORHEES, Respondent, *v.* JENNIE A. FISHER, Appellant.

Promissory Note.—Pleading.—Bona Fide Purchaser.—An allegation in an answer setting up defenses to a promissory note, that "the plaintiff is not an innocent holder for value of said note," states a legal conclusion and is insufficient to justify the admission of evidence as to a want of good faith in the acquisition of the note.

Id.—Id.—Fraud.—An allegation in the answer to a complaint upon a promissory note by an indorsee against the maker thereof, which alleges "that said note was wrongfully and fraudulently obtained from one indorser by another indorser and in fraud of the rights of the payee, the first indorser, who fraudulently and unlawfully delivered said note to the plaintiff herein without consideration and for the sole and only purpose of combining and colluding wrongfully and fraudulently with this plaintiff to cheat and defraud this defendant," simply states a legal conclusion and is insufficient to authorize the admission of testimony under it.

Id.—Bona Fide Holder.—Presumption.—A plaintiff who holds negotiable paper before maturity is presumed *prima facie* to be a holder for value and is not obliged to show that he paid value for it, until the defendant, under proper pleadings, offers evidence to overcome this presumption.

Appeal from a judgment of the district court of the first district, Hon. James A. Miner, judge. The opinion states the facts, except that the appeal was taken upon the judgment roll consisting of the complaint, answer, supplemental answer, verdict, judgment and bill of exceptions settled January 14, 1893, *nunc pro tunc* as of December 22, 1892.

*Messrs. Dey and Street,* and *Mr. W. L. Maginnis,* for the appellant.

*Messrs. Kimball and Allison,* for the respondent.

BARTCH, J.:

The plaintiff brought this action to recover $1,000 and interest, due on a promissory note made payable to the order of Will R. Swan, and signed by the defendant. Swan indorsed the note in blank, and the plaintiff claims he thereafter procured it, for a valuable consideration, before maturity. At the trial the defendant objected to the introduction in evidence of the note, unless the plaintiff would supplement it with evidence that he was an innocent holder for value, etc. The court overruled the objection, and, after plaintiff rested, the defendant offered evidence to prove the allegations contained in her answer and supplemental answer, which allegations are to the effect that at the time of the making of the note there was a mortgage on the property for the purchase money of which this note was made, and of which mortgage the defendant was ignorant; that she was compelled to redeem the property after foreclosure of the mortgage; that thereby the consideration given by Swan had failed; that the plaintiff was not an innocent holder for value; that the note was indorsed by Swan, who delivered the same to the Interstate Land & Town Company without consideration, which company and one A. B. Patton diverted the note from the purpose for which said Swan became an indorser; that the note was fraudulently and wrongfully obtained from said company by said Patton, and in fraud of the rights of said Swan, who fraudulently and unlawfully delivered the same to the plaintiff, etc. The evidence thus offered was objected to, on the ground that it was incompetent, irrelevant, and immaterial, and for the further reason that the evidence of the failure of the consideration, pleaded in the answer, is not competent against the plaintiff, who purchased the note before maturity, the answer setting up no fraud in

the making and execution of the note. The objection was sustained, and after argument, and upon motion of counsel, the court instructed the jury to find the issues for the plaintiff. The jury returned a verdict in favor of the plaintiff for the sum of $1,215.

Counsel for defendant contend that the rulings of the court were erroneous. This leads to the inquiry as to whether the allegations contained in the answer were sufficient to admit the evidence offered.

The first material allegation is that the "plaintiff is not an innocent holder for value of said note." These words must be taken with reference to their ordinary meaning, and, when so taken, they should give notice of the issue which the plaintiff is called upon to meet. It is a charge of *mala fides,* and the facts should be distinctly alleged. What issue is the plaintiff to meet? Is it that he is simply a collusive holder, not really interested in the note himself, but only lending his name to Swan to enable him to avoid equities existing between him and the maker, or that he had knowledge of equities existing between the payee and maker of the note before he purchased it, and hence took it subject to those equities, or that he was in collusion with Swan in concealing from defendant the existence of the mortgage which caused the alleged failure of consideration? These are facts, among others, which might be mentioned, any one of which proven would show such a want of good faith that the jury might infer that he was not an innocent holder for value; but how can a court admit evidence to establish facts which do not appear in the pleadings? At most, the allegation referred to is but a naked assertion. The facts which would constitute the plaintiff such a holder ought to have been distinctly pleaded, so as to give him notice as to what he would be called upon to rebut at the trial. The allega-

tion in question failed to do this, and was therefore insufficient. "In pleading, *mala fides* must be distinctly alleged, and an allegation that the party is not the *bona fide* holder is not sufficient." Daniel, Neg. Inst. § 770; *Uther* v. *Rich,* 10 Adol. & E. 784.

Nor is fraud sufficiently pleaded in the allegation "that said note was fraudulently and wrongfully obtained from said company by said Patton, and in fraud of the rights of said Swan, who fraudulently and unlawfully, as defendant is informed and believes, delivered said note to the plaintiff herein without consideration, and for the sole and only purpose of combining and colluding wrongfully and fraudulently with this plaintiff to cheat and defraud this defendant." This states, in general terms, that the plaintiff was guilty of fraud in the alleged transaction, but it does not state any specific acts which constitute his guilt. Nor does it state that the defendant was influenced by or relied on any fraudulent acts or representations of the plaintiff or of the payee, and yet this is necessary to make the fraud actionable; for, if no reliance was placed on such acts or representations, then there was no injury. A person is said to be guilty of fraud, or of larceny, or of murder because he has done some acts which in law constitute the fraud, the larceny, or the murder. In accordance with the nature of the act, the law applies the term, which term is not a fact in itself, but simply the legal conclusion drawn from the facts. It follows that facts as to such acts must be specifically stated in pleading, in order that the court may know whether there was such fraud as will be of any avail to the pleader, and that the party accused of the fraud may know the nature of the accusation, and prepare to meet it. The allegation in question is merely a legal conclusion, as it does not state what acts the plaintiff did that were fraudulent. It is

therefore insufficient, and the evidence offered under it was properly excluded. "In alleging fraud it will not suffice to say that the party fraudulently induced, or fraudulently did this or that, or that he committed or was guilty of fraud; the facts which constitute the fraud must be stated." Bliss, Code Pl. §§ 211, 339; Cooley, Torts, 474; 2 Estee, Pl. & Pr. 2748; *Gushee* v. *Leavitt*, 5 Cal. 160; *Cohn* v. *Goldman*, 76 N. Y. 284; *Kent* v. *Snyder*, 30 Cal. 667; *Triscony* v. *Orr*, 49 Cal. 612; *Hale* v. *Walker*, 31 Iowa, 344.

Counsel for appellant also contend that the consideration for the note has totally failed because of the defendant's having to pay $1,250 to redeem the premises from the incumbrance. This contention might be good as between the maker and the payee, but will it be of any avail against the indorsee? In so far as the pleadings and evidence are concerned, it appears that the indorsee became the holder of the note for value before maturity. The note was given for purchase money for property sold by the payee to the maker. The defendant claims that the vendor undertook to sell the property to her clear of incumbrance, when in fact there was then a valid mortgage against it; that it subsequently cost her more than the amount of the note by way of redemption; and that the vendor concealed the existence of the mortgage from her. While this might be a good defense against the payee, were he to attempt the collection of the note, it cannot avail as an offset against the indorsee, in the absence of fraud on his part. Where a person procures a negotiable instrument before it becomes due, his possession raises a *prima facie* presumption that he holds it lawfully and in good faith. He is not obliged to show that he paid value for it until the defendant has, under proper pleadings, proven that he procured it for an illegal consideration, or that it was a fraudulent transac-

tion in its inception, or that it came wrongfully into his possession.

In *Commissioners* v. *Clark,* 94 U. S. 278, Mr. Justice Clifford said: " Possession even without explanation is *prima facie* evidence that the holder is the proper owner or lawful possessor of the instrument, and the settled rule is that nothing short of fraud—not even gross negligence—is sufficient to overcome the presumption, and invalidate the title of the holder, as inferred from his actual custody of the instrument." *Battles* v. *Laudenslager,* 84 Pa. St. 446; *Murray* v. *Lardner,* 2 Wall. 110; *Bank* v. *Crow,* 60 N. Y. 85; *Goodman* v. *Harvey,* 4 Adol. & E. 870; *Bank* v. *Chapin,* 8 Metc. (Mass.) 40; *Miller* v. *Ottaway,* 81 Mich. 196, 45 N. W. Rep. 665; *Burrough* v. *Moss,* 10 Barn. & C. 558; *Adams* v. *Smith,* 35 Me. 324.

It is not claimed that the plaintiff was present when the note was made and delivered to the payee, nor is there any evidence to show that he had knowledge of fraud committed by the payee, if any was committed; nor could any such evidence have been admitted under the pleadings. We think, therefore, that, under the facts and circumstances as revealed by the record in this case, the trial court committed no material error in its rulings, and that the verdict should not be disturbed. The judgment is affirmed.

ZANE, C. J., and SMITH, J., concurred.