[Civ. No. 3126. Second Appellate District, Division Two.—February 23, 1921.]

## W. I. PRATT, Appellant, v. ADOLPH DITTMER, Respondent.

[1] PROMISSORY NOTE—ASSIGNMENT—SUBSEQUENT FAILURE OF CONSIDERATION—KNOWLEDGE OF ASSIGNEE—RECOVERY.—A failure of consideration in whole or in part after a *bona fide* assignment of a promissory note is no defense to a suit by the assignee against the maker, notwithstanding the former's full knowledge of the original consideration for which the note was given.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Reversed.

The facts are stated in the opinion of the court.

Hartwick & Drumm for Appellant.

Wm. M. Brown and D. G. Wettlin for Respondent.

CRAIG, J.—The material facts of this case are as follows:

On the nineteenth day of May, 1915, Adolph Dittmer, a resident of Orange, California, entered into an agreement with the Brenard Manufacturing Company of Iowa City, Iowa, whereby the company agreed to conduct a voting contest for Dittmer. It was stipulated that the Brenard Manufacturing Company would furnish him with a certain piano and other articles, which it did, and would direct the management of the voting contest, and in that connection it was stipulated as follows: "The Brenard Mfg. Co. agrees to send their organizer to us within the first six weeks from the starting of the campaign, for constructive campaign work and for the completion of clubs. Organizer to remain for such a period as Brenard Mfg. Co. may deem

---

1. Failure of consideration for bill or note as affecting purchaser with knowledge of the consideration, notes, 46 L. R. A. (N. S.) 862; L. R. A. 1918F, 1018.

Law governing liability of and defenses available to maker or acceptor of note, notes, 61 L. R. A. 217; 19 L. R. A. (N. S.) 670.

necessary.'' And again, ''My last twelve months sales were $13,500 and upon this figure my next twelve months sales to be $16,000 and that if 3 & 6/100 per cent of my gross sales does not amount to four hundred ninety dollars (490.00) for the next twelve months you will pay me the deficiency in cash, and immediately upon approval of this order send your bond for $490.00 to cover this agreement with me. . . . ''

Dittmer, in consideration of securing the personal property ordered in the contract and the performance by the manufacturing company of its covenants contained therein, executed six promissory notes which were attached to the contract. The notes were payable two, three, four, five, six, and seven months after date, respectively. Except as to date, they are identical. The first one reads as follows:

''P. O. Orange, State Calif. 5/19/1915.

''For value received I promise to pay to the order of the Brenard Manufacturing Company, Eighty Dollars, at Iowa City, Iowa, payable as below, Two months after date. Amount $80.00. 2 ct. U. S. Rev. Stamp duly cancelled.

''Signed by ADOLPH DITTMER.''

At the end of the contract in question, the following provision appears: ''These notes to be detached by the Brenard Mfg. Co.'' It is also stipulated in the contract upon the part of Dittmer as follows: ''I agree to furnish you within ten days approximately one hundred fifty names and addresses of persons whom I believe will make good club leaders and members,'' etc. His testimony shows that he sent the names at the end of ten days. The contract was signed by the defendant, Dittmer, in Orange, California, and also by the Brenard Manufacturing Company through its duly authorized agent, B. F. Bates. The contract, with the notes attached, was sent to the Brenard Manufacturing Company at Iowa City, Iowa, and thereafter the notes were detached from the contract by Loveland, one of the partners of the Brenard Manufacturing Company. Subsequently to being so detached, and before any breach of the contract, on the thirty-first day of May, 1915, they were sold and assigned to the plaintiff in this action, W. I. Pratt.

The court found: ''That plaintiff at the time of said transfer of said alleged notes knew all about the conditions

upon which the said Brenard Manufacturing Company did business with defendant and plaintiff knew that said alleged notes were a part only of the entire agreement made between defendant and Brenard Mfg. Co."

Also finding number VI is as follows: "That said plaintiff did not take said alleged notes in good faith and for value but that said alleged notes were transferred by said Brenard Mfg. Co., and received by plaintiff for the purpose of preventing defendant from receiving the benefit of any defense said defendant might have against said alleged notes"; and further, that the Brenard Manufacturing Company did not comply with the terms of the contract in the matter of giving personal supervision to the contest. Defendant, Dittmer, failed to pay the promissory notes and Pratt brought this action upon them without reference to the contract, but we find it attached to the answer.

The trial court found that the agreement and the notes constituted a single contract and that the defendant had been injured in the sum of $280 by reason of the Brenard Manufacturing Company having failed to perform its part of the contract and gave judgment for the plaintiff for the remaining $200, with interest due on the notes. From this judgment the plaintiff appeals.

It is claimed by the appellant that the findings above recited are not supported by the evidence, but on account of the view which we take of the law applicable to the case it will be unnecessary to pass upon that issue except as to finding VI. This finding may be divided into two parts: First, that the plaintiff did not take the notes "in good faith and for value," which, it is readily seen, involves two propositions, one negativing plaintiff's good faith and the other his having parted with a valuable consideration for the notes. The finding of want of consideration has no support in the evidence. The direct and uncontradicted testimony of Pratt was that he paid the Brenard Manufacturing Company $1,600 for these notes, and section 3104 of the Civil Code directs the presumption that a valuable consideration was paid. The nearest approach to evidence supporting a finding that plaintiff did not receive the notes in good faith is found in the testimony of the plaintiff himself to the effect that he

had dealt with the Brenard Manufacturing Company upon many other occasions and bought in all $200,000 worth of their notes; had brought suit to collect some of them; was well acquainted with the members of the copartnership and their general manner of doing business. Construing this most strongly against the plaintiff and in support of the finding in question, these facts do not constitute bad faith. There is nothing to indicate that the other notes bought by the plaintiff from the manufacturing company were in the same form as the ones here in litigation or connected with contracts similar to the one with which we have to deal; and nothing to indicate absence of good faith on the part of the company in connection with this transaction (*Citizens' Trust & Sav. Bank* v. *Stockhouse,* 91 S. C. 455, [40 L. R. A. (N. S.) 454, 74 S. E. 977]; and further, in so far as good faith is concerned, its existence not having been challenged by the answer, is not an issue in this case. The second part of finding VI, "That said alleged notes were transferred by said Brenard Mfg. Co., and received by plaintiff for the purpose of preventing defendant from receiving the benefit of any defense said defendant might have against said alleged note," is not within any issue tendered by the pleadings and must be disregarded.

The answer contains no allegation that the Brenard Manufacturing Company secured the execution of the notes by fraud or misrepresentation, but only that of partial failure of consideration. Respondent cites *Hoffman* v. *Liebfarth,* 51 Iowa, 711, [2 N. W. 518], *Commercial Bank* v. *Paddock,* 90 Iowa, 63, [57 N. W. 687], and *Merchants' Nat. Bank* v. *Grigsley,* 170 Iowa, 675, [149 N. W. 626]. These are cases in which an issue of fraud was presented by the pleadings and in the last the court merely held that the question of fraud and entire want of consideration was one for the jury. Also, in *Burns* v. *Bauer,* 37 Cal. App. 251, [174 Pac. 346], the court found that the note sued upon had been secured from the maker by fraud and misrepresentation. In the case at bar, the defense is partial failure of consideration. *Splivallo* v. *Patten,* 38 Cal. 139, [99 Am. Dec. 358], and *Flood* v. *Petry,* 165 Cal. 314, [46 L. R. A. (N. S.) 861, 132 Pac. 256], are in point and must control the decision of the case at bar. The

former was a case where the sole question involved was the right of an assignee of a promissory note to recover against a maker where the original consideration for the note was an executory contract.

After the assignment of the note to Splivallo the consideration failed. The court held that such failure of consideration after the assignment was not a defense notwithstanding the assignee, at the time of the assignment, had full knowledge of the original consideration for which the note was given. This decision is quoted by our supreme court in the case of *Flood* v. *Petry,* 165 Cal. 314, [46 L. R. A. (N. S.) 861, 132 Pac. 256], with approval. The bank pledgee received the note with full knowledge that it was part of a non-negotiable building contract but before the note matured, yet, with the further knowledge that at the time the note was pledged no portion of the work to be done by the contractor had been done. The court held that the delivery of the note by the maker under these circumstances "precludes the maker of the instrument, upon the simplest principles of estoppel, from asserting that its only consideration was the completion of the building."

In the case at bar the facts constituting the estoppel are that the contract upon which the defendant relies and of which the note was originally a part expressly provided, "these notes to be detached by the Brenard Mfg. Co."; that the first note was payable before the Brenard Manufacturing Company could by any fair construction of the contract be required to begin to perform any part thereof, and all of the notes were payable long before the expiration of time for the completion or carrying out of the contract on the part of the company, the life of the contract being twelve months and the sixth note being payable seven months from the execution of the contract. [1] We conclude, therefore, that both upon the doctrine of estoppel as applied in the case of *Flood* v. *Petry* and the principle "that a failure of consideration in whole or in part after a *bona fide* assignment of a promissory note is no defense to a suit by the assignee against the maker, notwithstanding the former's full knowledge of the original consideration for which the note was given," a rule clearly recognized in *Splivallo* v. *Patten* and approved by *Flood* v. *Petry,* the

facts found to be true by the court do not constitute a defense.

The notes were payable in Iowa and are to be interpreted, therefore, under the law of that state. However, no Iowa case is cited nor, we apprehend, exists in conflict with the doctrine expressed in this opinion. The language of the supreme court of Iowa in the case of *McNight* v. *Parsons*, 136 Iowa, 392, [125 Am. St. Rep. 265, 15 Ann. Cas. 665, 22 L. R. A. (N. S.) 718, 113 N. W. 858], would indicate its agreement with the prevailing rule, for it says: ."The courts quite universally hold that knowledge that a note was given in consideration of the executory agreement or contract of the payee which has not been performed will not deprive the indorsee of the character of a *bona fide* holder, unless he also has notice of the breach of the agreement or contract.''

The judgment is reversed and the trial court directed to enter judgment in conformity with this opinion.

Finlayson, P. J.. and Works, J., concurred.