[No. 1432, February 6, 1912.]

L. M. ZEDERMAN, Appellant, v. R. J. THOMSON, Appellee.

### SYLLABUS (BY THE COURT).

1. The transfer of a promissory note, containing an agreement that the chattel for the price of which the note is given, is to remain the property of the payee until payment of the principal and interest named in the note, transfers the security as an incident to the note, and upon default in the payment of the note, suit can be maintained by the transferee for the recovery of the property.

2. In replevin, it is not necessary to prove the value of the property sought to be recovered where the plaintiff is in possession of the property at the time of trial, and does not seek to recover damages.

3. The payee of a conditional sale note or contract is not required to allege and prove a return or tender of the note or contract before suit can be maintained for the recovery of the property.

Appeal from the District Court of Quay County.

ALLDREDGE & SAXON for Appellant.

A condition of sale is one which depends for its validity upon the fulfilment of some condition. Bouvier's Law Dictionary; Am. & E. Enc. of Law, vol. 6, p. 453; Hamilton v. Highlands, 144 N. Car.

The notes were negotiable instruments notwithstanding the fact there was a condition in the notes. Montgomery First Natl. Bank v. Slaughter 98 Ala. 602; Commercial Natl. Bank v. Consumer's Brewing Co. 16 App. Cases, 186; Howard v. Walker, 69 Ga., 773; 70 Ga. 322; 120 Ga. 1060; Cooper v. Chicago Cottage Organ Co. 58 Ill. Ap. 248; Collins v. Bradbery, 64 Me. 37; Choate v. Stevens, 116 Mich. 28; Burnley v. Tufts, 66 Miss. 46; 4 N. W., 995; Buffalo Third Natl. Bank v. Bowman Spring, 50 App. Div. 66; Mott v. Havanna Nat. Bank, 22 Hun, 354; W. W. Kimball Co. v. Mellon, 80 Wis. 133.

Property rights in things sold conditionally. Bernell v. Marvin, 44 Vt. 277; Am. & Eng. Enc. of Law, vol. 6, pp. 479-485; W. W. Kimball v. Mellon, 80 Wis., 133; 48 N. W. 1100; 118 U. S. 663; Estey v. Graham, 46 N. H., 169; Standard Steam Laundry v. Dole, 61 Pac. 1106; Myers v. Taple, 60 Mich. 339; Parlin and Orindorff Co. v. Harrell, 8 Tex. 368; Truax v. Parvis, 7 Hous. 33; Chicago R. R. Equipment Co. v. Merchant's Natl. Bank, 136 U. S.; Rogers v. Bachman, 109 Cal. 553.

## STATEMENT OF FACTS.

This cause was heard in the court below, upon the following agreed statement of facts, viz:

"It is agreed by and between the parties to this action that on or about the 23rd day of March, 1910, the Auto Vehicle Company of Los Angeles, California, intrusted to the care of F. D. Day one Type G. California Automobile, No. 3194, and the said F. D. Day executed his three promissory notes to the said Auto Vehicle Company of date of March 23, 1910, for $300, $350, and $300 payable in three, six and nine months, the first of which notes is in words and figures as follows, to-wit: Los Angeles, Cal., March 23, 1910. Three months after date without grace for value received I promise to pay to the order of Auto

Vehicle Company Three Hundred and no-100 dollars, payable in gold coin of the United States of America, without interest thereon, in like coin from date until paid, at the rate of 7 per cent per annum.

And in case a suit or action is initiated to collect the money above mentioned or any portion thereof I promise to pay 10 per cent on the sum first aforesaid, additional to said amount, as attorney's fees in such suit or action. The above note is given upon and for the consideration that the Auto Company, have agreed and promise that upon payment of the said note principal and interest at maturity (time being the essence of this contract) they will sell and transfer to the undersigned at the price of said principal and interest the Type G California Automobile No. 3194, which said Auto Vehicle Company have this day entrusted to the care of the undersigned. It is admitted and agreed that said automobile is the property of said Auto Vehicle Company, and legal title thereto is in said Auto Vehicle Company and shall remain in them until they shall make the aforesaid sale and transfer, after the principal and interest aforesaid shall be paid. And the undersigned agrees to return and deliver to said California Automobile to the said Auto Vehicle Company, if requested at any time before said sale, and transfer, in good order.

Principal and interest payable in U. S. gold coin at First National Bank, Los Angeles.

Signed, F. D. DAY,

Number 38,                        1411 Post Office address.

866 E. 36th Street, City."

On the margin at the end of the note is written this: "Auto Vehicle Company, corner 10th and Main Streets, Los Angeles, Cal."

It is further admitted that the other two notes appear in words and figures the same as the first, except the second is for $350.00, payable in six months after date, and the third for $300.00, payable in nine months after date.

It is further admitted that after the said notes were given, the said F. D. Day left the state of California and

came to the Territory of New Mexico, but his whereabouts at this time is unknown to this plaintiff.

It is further admitted that said three notes are unpaid and were by the Auto Vehicle Company for a valuable consideration transferred to the plaintiff herein on the 10th day of September, 1910.

That these notes were transferred by the Auto Vehicle Company to L. M. Zederman, the plaintiff, on the 10th day of September, 1910, for a valuable consideration by endorsement on the back thereof, which endorsement is in words and figures following: "September 10, 1910. For valuable consideration the within note is transferred to L. M. Zederman.

(Signed,     AUTO VEHICLE COMPANY,
By G. W. Tull, Sec'y."

It is admitted that demand was made before suit was filed.

It is admitted that these notes have not been paid.

Admitted that the machine, as et forth and claimed in the complaint is the same machine that was by the Auto Vehicle Company entrusted to the care of F. D. Day, as set forth in the complaint, and which was in the possession of R. J. Thomson at the time of the commencement of this action.

It is stipulated and agreed by and between the attorneys for the respective parties, that the foregoing admissions and facts so admitted shall be deemed admitted for the purposes of this suit only, and for no other purpose whatever, and shall not be taken or considered as binding upon the parties in any other suit that can or could be filed, involving the issues in this matter, either the present parties or any other parties to the transactions herein describer or referred to.

This is all the evidence produced at the trial."

Upon the facts the Court found for the Appellee, (Defendant below) and stated conclusions of law as follows:

"1. That the Auto Vehicle Company by its endorsement upon the back of the three instruments, which are the basis of title, if any, to the property sought to be

recovered by this action, merely transferred to the plaintiff, L. M. Zederman, title to the three notes as distinct from the property right of the Auto Vehicle Company in and to said personal property.

2.   That the endorsements on the back of said instruments cannot be construed to fulfill the conditions mentioned in the contracts or agreements therein contained so as to transfer title in the personal property in said contracts or agreements contained to the plaintiff in this suit.

3.   That plaintiff in this suit has no title to the personal property sought to be recovered hereby sufficient to sustain an action of replevin to recover same.

4.   That the complaint herein should be dismissed at plaintiff's costs."

Judgment was entered for defendant upon the conclusions of law so found, from which judgment this appeal is prosecuted.

## OPINION OF THE COURT.

ROBERTS, C. J.—From the agreed statement of facts, and the conclusions of law therefrom by the lower court, it is apparent that the only question presented to the Court was the effect of the transfer of the notes by the Auto Vehicle Company to the plaintiff herein, upon the title and right to the possession of the property described in the notes, default having been made in the payment of the notes.

The lower Court followed the rule, announced by the Supreme Court of Indiana, in the case of the Domestic Sewing Machine Company v. Arthur Shultz (63 Ind. 322) to the effect that the endorsement in blank of a promissory note which stipulates that a certain chattel, therein described, shall remain the property of the payee until the note has been paid, does not, of itself, vest the title to such chattel in the endorsee, so as to enable him to replevy such chattel, for non-payment of the note. The Supreme Court of Florida, in the case of Roof v. Chattanooga Wood Split Pulley Co. (18 South. 597) follows the

Indiana holding and one or two other states adhere to the same doctrine, but the weight of authority and the better reasoned cases announce the doctrine that the transfer of the debt operates of itself as an assignment of the seller's interest in the property.

Williston on Sales, Sec. 332.

35 Cyc. 695 and authorities cited.

W. W. Kimball Co. v. Mellon, 48 N. W. 1100 (Wis.) and the transferee of the note can maintain replevin for the property, upon default in the payment of the note.

There are numerous forms used in condition sale notes, but they are all designed to retain title to the property in the payee of the note as security for the payment of the debt, and the reasonable construction gives to the transferee of the note the benefit of this security.

Two other grounds are urged by appelle to sustain the judgment of the lower Court. First: That there was no proof as to the value of the chattel, and Second: That it was necessary for the appellant to allege and prove a return or tender of the notes before he could recover. Neither ground appears to have been urged before the Court below and we do not believe they would support the judgment for defendant. No claim for damage was made in the agreed statement of facts and the plaintiff had possession of the automobile at the time of trial and proof of value was therefore immaterial. It is not necessary for the payee of a conditional sale note or contract to allege and prove a return or tender of the note or contract before suit can be successfully maintained, therefore there is no merit in appellee's second contention.

The judgment of the lower Court is reversed, and this cause is hereby remanded with instructions to enter judgment in favor of plaintiff, and it is so ordered.