AVERY COMPANY, Appellant, v. PETERSON, Respondent.

(171 N. W. 204).

(File No. 4471.    Opinion filed March 12, 1919.    Rehearing denied June 3, 1919.)

1.  Evidence—Purchaser of Tractor, Whether Experienced Operator —Parol Versus Written Order, Competency.

    Testimony of purchaser of a tractor, as to whether he was an experienced operator of tractors, is incompetent where, in a written order for the machine, he represented to vendor he was an experienced operator.

2.  Appeal—Error—Refusal to Give Requested Instructions, General Specified Error Below, General Assignment on Appeal, Insufficiency.

    Where defendant specified error below in refusal of trial court to give all of six different instructions, and assigned error on appeal as to such refusal, held, the specification does not sustain the assignment; some instructions requested being er-

roneous. So held, where instructions given were fair and fully
covered the issues.

3. **Appeal—Error—Warranty on Tractor Purchase—Note for Part
Purchase After Knowledge of Non-compliance With Warranty,
Waiver—Instruction)**

In a suit to recover on a note given for balance of purchase
money of a tractor, defendant counterclaiming for breach of
warranty, held, that vendor was not entitled to an instruction
that if the note was given after defendant knew the tractor did
not comply with warranty, he waived warranty; since defendant
did not question validity of the note.

4. **Sales—Breach of Warranty—Exhibits Showing Tractor Satisfied
Warranty, Whether Conclusive Against Vendee—Instruction.**

In a suit involving breach of warranty under sale of' a trac-
tor to defendant, held, that said exhibits which stated that the-
tractor satisfied the warranty, were not conclusive against ven-
dee; and court properly instructed that jury should consider
exhibits with other facts and circumstances.

5. **Appeal—Sufficiency of Evidence Re Counterclaim—Evidence In-
volving Doubt—Question for Jury as Reasonable Men.**

Supreme Court will not reverse for insufficiency of evidence
to sustain a counterclaim, where while much in the record
gives rise to doubt as to its merits, it was for the jury, who
saw and listened to the witnesses, to determine as reasonable
men the question of fact involved.

6. **Warranty—Tractor Purchase—Notice of Failure to Fulfill War-
ranty, Latent Defective, Specification of—Sufficiency of Evi-
dence.**

Defendant purchased a tractor under a contract of warranty
relating to its breaking capacity, the order therefor requiring
written notice of failure to fulfill warranty. Held, that, it ap-
pearing that the cause of the lack of power in the tractor was.
not patent, vendee's notice timely given, was sufficient in sim-
ply drawing attention to the lack of power.

Appeal from Circuit Court, Minnehaha County. HON. JOSEPH
W. JONES, Judge.

Action by Avery Company, a corporation, against J. N. Peter-
son, to recover upon a note given for purchase money of a
tractor, defendant counterclaiming for breach of warranty. From
a judgment for defendant, and from an order denying a new
trial, plaintiff appeals. Affirmed.

*Morris & Fitzpatrick*, for Appellant.

*Kirby, Kirby & Kirby*, for Respondent.

(3) To point three of the opinion, Appellant cited:

Davison v. Robinson, 67 Ia. 355, 25 N. W. 280; Robinson et

al v. Burkey, 111 Ia., 550, 82 N. W. 972; Equitable Mfg. Co. v. Stevens, (Tex.), 60 S. W. 350.

Respondent cited:

Threshing Machine Co. v. Gidley, 28 S. D. 101.

WHITING, J. Suit to foreclose chattel mortgage and to recover judgment on note secured by such mortgage. Note was given in renewal of one of two notes executed in payment for a tractor engine. Defendant pleaded as counterclaim damages flowing from alleged breach of warranty of said tractor. Verdict and judgment for defendant. Appeal from judgment and from order denying a new trial. ·

[1] Appellant asked respondent, when on the witness stand, whether, when he signed the written order given for the machine, he agreed and represented to appellant that he was an experienced operator of tractors. This question was objected to, and objection rightfully sustained. The written order spoke for itself on this matter, and it was not for respondent to say what the words of said order meant.

[2] Appellant asked for six different instructions. He specified error below, in that the trial court refused to give all of these instructions. He assigns error in this court as to the refusal to give each of such instructions. The specification does not sustain the assignment. Some instructions requested were clearly erroneous, and therefore appellant was not entitled to a new trial under the specification, even though there might have been some proper instructions requested. Moreover, the instructions given were eminently fair and fully covered the matters proper for the jury to consider.

[3] Appellant contends that it was entitled to an instruction to the effect that, if the note in suit was given after respondent knew that the tractor did not comply with warranty, respondent waived the warranty. Appellant cites Muschelwicz v. Tidrick, 40 S. D. 435, 167 N. W. 499, in support of such contention. The holding in that case gives no support to appellant. We held in that case that, where one, with full knowledge that a note was without consideration or procured by fraud, gave a new note in renewal of such voidable note, he could not urge against the renewal note the defenses of want of consideration or fraud—a very different proposition from that presented here. Here respondent

is not in any manner attempting to question the validity of the note. Even a payment of the note would waive no rights under the warranty.

[4] Appellant objects because the court instructed the jury that respondent was not concluded by two exhibits he had signed, which exhibits stated that the tractor satisfied the warranty. The court instructed that the jury should consider these together with other facts and circumstances. There was no error. The question was not what respondent had signed, but whether or not there had been a breach of warranty. These exhibits were material, in that they tended to contradict the testimony of respondent, but were not conclusive against him.

[5] The really meritorious question before us is the sufficiency of the evidence to support the verdict. We have given this evidence most careful consideration, and, while there is much in the record that might give rise to doubt as to the merits of the counterclaim, it was for the jury to determine the credibility of the witnesses. The jury saw and listened to these witnesses; we do not have this opportunity, and therefore do not feel that we would be warranted in holding that, as reasonable men, the jurors could not have reached their verdict.

[6] We perhaps should mention specifically one matter urged by appellant. By the terms of the order, respondent had to give written notice of any failure of the tractor to fulfill warranty. It is contended that no notice was given, and also that, if a notice was given as claimed by respondent, it was not given in time and was insufficient in contents. The warranty related to the plowing capacity of tractor. The notice, if any, was given within proper time of the testing of the tractor as a motive power for drawing plows. The order provided that notice should be given as to the particular part of the machine that was defective, or failed to work. The claimed defect in this tractor was that it would not develop the warranted power What caused this lack of power was not patent. Therefore all respondent could be required to do was to call attention to the lack of power. The evidence submitted by him tended to prove that he did this.

The judgment and order appealed from are affirmed.