143 P.2d 592

**STATE NAT. BANK OF EL PASO, TEX., v. CANTRELL.**

No. 4764.

Supreme Court of New Mexico.

July 29, 1943.

Rehearing Denied Dec. 3, 1943.

Whatley & Garland, of Las Cruces, for appellant.

J. B. Newell, of Las Cruces, for appellee.

SADLER, Chief Justice.

This is the second appeal in this case. For opinion on former appeal, see 46 N.M. 268, 127 P.2d 246. Our disposition of that appeal was to reverse a judgment against the appellant (plaintiff below), who remains appellant on this appeal, and to remand the cause with instruction to the trial court to set aside its judgment and, upon due notice to the parties, to make findings of fact and conclusions of law and render such judgment as the findings and conclusions made should warrant. Following the mandate of this court, the trial court made its findings and conclusions and again entered judgment thereon that plaintiff take nothing upon its complaint and that the defendant recover from it the sum of $57 upon his cross complaint. This appeal followed. For a more detailed statement of the facts than will appear herein, reference is made to the former opinion.

The question for decision is whether the purchaser of certain equipment under a conditional sale contract, the unpaid purchase price of which is evidenced by an installment note, in an action by a holder in due course of the note who is assignee as well of the conditional sale contract, acquired simultaneously, may interpose a counterclaim for damages suffered by reason of breach of warranties touching the equipment sold.

The facts arose on the purchase by defendant from Western Heating and Engineering Company of an air-conditioning system to be used in defendant's restaurant in the town of Hot Springs, New Mexico. The sale price was $384.27, of which $35 was paid in cash and the balance evidenced by defendant's promissory note, signed and delivered on April 24, 1938, with the seller named as payee therein. It was payable in twelve equal monthly installments of $29.11 each beginning on June 1, 1938, with a provision for acceleration of the maturity of all installments at the election of payee for default in the payment of any of them. There was executed at the same time by the seller and by the purchaser a conditional sale contract which contained, among other things, a provision as follows: "The seller would guarantee said equipment for a period of five years". The note was attached to the conditional sale contract and both were thus delivered to Western Heating and Engineering Company at the time of their execution.

Thereafter, on May 14, 1938, and before any of the installments had matured, the plaintiff purchased the note and contract from Western Heating and Engineering Company. The two attached instruments were duly assigned to it. The plaintiff paid a valuable consideration for the note and contract and at the time of their purchase was without notice or knowledge of any infirmity in the note.

Before completing the transaction, the plaintiff notified the defendant in writing by letter that it was about to purchase the note and contract and enclosed a letter for his signature reciting that the equipment purchased has "been completely installed and is satisfactory" and promising to "make payment on the note in accordance with its demands, as due". The defendant signed and returned this letter to the plaintiff.

The air-conditioning equipment so sold and installed in defendant's restaurant was partly second-hand and was unfit for the purposes for which it was purchased. The defendant did not know that a portion of the equipment being installed was second-hand or used equipment. He called upon both the plaintiff and Western Heating and Engineering Company to make such repairs on the equipment as would cause it to function properly or to replace the same. Neither complied with this request. Thereupon the defendant removed the equipment from his place of business at an expense of $22 to him.

The facts just related are within the findings of the trial court. From them it concluded that the plaintiff assumed all the obligations of the assignor under the terms of the conditional sale contract touching the equipment sold. It further concluded there was an implied warranty that such equipment would properly air-condition defendant's place of business following installation; that there was a breach of this warranty which resulted in a failure of consideration, to defendant's damage in the sum for which judgment was rendered as aforesaid.

■ We think the finding of the trial court establishes plaintiff's status as a holder in due course of the note sued upon. It purchased same before maturity for a valuable consideration and without knowledge or notice of any infirmity in the paper. 1941 Comp. § 53-152. As against such a holder, mere knowledge that the consideration for the note was an executory contract whose subsequent breach later resulted in a total failure of consideration, created no right in the maker to interpose such fact as a defense. Azar v. Slack, 29 N.M. 528, 224 P. 398. If this were the sole question involved, the judgment under review would have to be reversed upon the authority of the case cited.

■ Unfortunately for plaintiff's position, however, it not only was a holder in due course of the note sued on but the assignee as well of the conditional sale contract executed at the same time and as a part of the same transaction. While no rights are asserted under this contract in the present action, nevertheless, as assignee thereof, the plaintiff was possessed not alone of the rights it conferred, but burdened as well with the obligations it imposed. Zederman v. Thomson, 17 N.M. 56, 121 P. 609; 55 C.J. 1331 and 1334, §§ 1414 and 1417 under topic "Sales"; Whiting v. Squeglia, 70 Cal.App. 108, 232 P. 986; Mercantile Trust Co. v. Roland, 143 Okl. 190, 288 P. 300; Doub v. Rawson, 142 Wash. 190, 252 P. 920. Under these authorities, the plaintiff as assignee of the conditional sale contract was subject to all defenses existing against the assignor.

As already indicated, plaintiff's status as a holder in due course of the promissory note sued upon ordinarily would seem to conclude the defendant. But the record also discloses it as the assignee of the conditional sale contract arising out of the same transaction. Accordingly, by virtue of 1929 Comp., § 105-417, then governing (Cf. 1941 Comp., § 19-101, Rule 13 (a) and (b), the defendant was entitled to plead as a counterclaim the breach of warranty either as "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action" (first subparagraph of § 105-417); or, as "any other cause of action arising also on contract and existing at the commencement of the action". The trial court did not err in so holding.

The plaintiff seeks to base an estoppel on the trial court's Finding No. 8, as follows: "8. That the defendant had written notice from the plaintiff, that the State National Bank of El Paso, Texas, intended to purchase said note and that prior to the purchase of same, the defendant notified plaintiff in writing that the installation of the equipment covered by the conditional sale contract and promis(s)ory note attached thereto had been completely installed and was satisfactory; that defendant further notified plaintiff in writing at said time that he would make payments on the note in accordance with its demands."

The finding is based upon a letter signed by defendant and delivered to a representative of plaintiff in response to a letter by

plaintiff addressed to defendant announcing that it had agreed to purchase from Western Heating and Engineering Company the conditional sale contract and note in ques tion. The letter closed with these state ments:

"Before completing this purchase, we desire that you sign the enclosed letter and return it to us.

"The Western Heating and Engineering Company's representative will deliver this letter to you so that he can return it to us Monday."

The plaintiff's letter and a prepared reply were delivered to defendant late one evening immediately after installation had been completed and following operation of the equipment for a short time, there being no occasion to employ it in actual use until next morning when, according to the defendant, he had to use a board to get the compressor to work. The defendant signed the letter on the assumption that, since the plaintiff was purchasing both the contract and the note, it would be under the same obligation to fulfill the terms of the contract as the original seller, its assignor. This is said merely to reflect the record on the circumstances under which the letter relied on as an estoppel was given to the plaintiff and not as excusing or mitigating its effect. Except for the bare letter itself, there is no testimony touching the plaintiff's reliance upon the letter in making the purchase of the note sued upon.

■ The various elements necessary to create an estoppel are set out in Dye v. Crary, 13 N.M. 439, 85 P. 1038, 9 L.R.A., N.S., 1136, but one of which appears here. Only the isolated finding quoted above appears on this issue. None other was requested or made. Evidently this matter was given little weight below and is entitled to no more here since the record presented fails to establish an estoppel. State v. Capital Bank, 32 N.M. 369, 257 P. 993, 53 A.L.R. 1356. There is authority for the proposition that a signed statement of similar purport to the one before us does not conclude the purchaser but is only to be considered along with all other evidence on the issue whether or not there has been a breach of warranty. See Avery Co. v. Peterson, 41 S.D. 442, 171 N.W. 204.

■ One other question, that of waiving an express warranty by invoking the principle of an implied warranty, is argued. Without determining its materiality on the record before us, we fail to find where the attention of the trial court was directed to the question and a ruling invoked. The plaintiff placed complete reliance on its contention that as a holder in due course of the note, it was not bound by the obligations of the contract. The existence or not of warranties, express or implied, seemingly in no manner engaged its attention at the trial. Accordingly, under well settled principles of review we will not consider the question here.

We have not overlooked plaintiff's contention that the rights of the parties are determinable by the laws of Texas rather than those of New Mexico, the note being

payable in El Paso, Texas. The result is the same since we see no difference in the laws of the two states as they affect the questions here raised and resolved.

The judgment of the district court will be affirmed and

It is so ordered.

MABRY, BICKLEY, and BRICE, JJ., concur.

THREET, J., did not participate.

On Motion for Rehearing

SADLER, Chief Justice.

The appellant, plaintiff below, has moved for rehearing setting up two grounds therefor. First, and incident to the claim that the writing involved is a Texas contract, it is contended we have not given proper effect to certain holdings of the Supreme Court of that state protecting a holder in due course of negotiable paper against the defense of failure of consideration upon breach of an executory contract furnishing the consideration for the paper. Next, it is asserted we overlooked certain testimony in the record on the issue of estoppel urged against the defendant.

We have carefully reviewed the first contention and are satisfied with our holding in the opinion filed. The plaintiff seemingly fails to appreciate that we agree to the correctness of the Texas decisions, which are in accord with our own decision in Azar v. Slack, 29 N.M. 528, 224

P. 398. The Texas and New Mexico law seem no different in this respect. Where the plaintiff loses is not because of any difference in the law of the two states on the question presented but, rather, in failing to challenge successfully the defendant's right under our then controlling statute on counterclaims (1929 Comp., § 105-417), or under the Texas statute as well as for that matter (Art. 2017, Vernon's Revised Civil Statutes 1936), to set up against the plaintiff, even though the holder of the note, his cause of action for breach of warranty under the conditional sale contract by whose covenants the plaintiff unhappily is bound as assignee and holder. Even assuming this to be a Texas contract, the lex fori determines whether a claim of defendant may be pleaded by way of setoff or counterclaim. 11 Am.Jur. 504.

Upon the second point urged in support of the motion, we confess an oversight. In our opinion, we stated that except for the defendant's letter mentioned in finding No. 8 acknowledging the complete installation of the equipment, that it was satisfactory and promising to make payments on the note as called for, there was no testimony touching plaintiff's reliance upon the letter in making the purchase. The circumstances under which this acknowledgment was secured are set out in our opinion. This statement is inaccurate. In making it, we overlooked the testimony of plaintiff's vice-president appearing in the transcript on the former appeal, before us for consideration on this appeal, stating that but for defendant's letter he would not

have purchased the note and that he placed full reliance on it. However, the finding No. 8 quoted in our opinion, standing alone, fails to create an estoppel. Whether, but for defendant's letter mentioned in the court's finding, the plaintiff would have purchased the note, involves speculation on an issue rendered unimportant by the circumstance that the trial court neither so found nor was requested so to find.

Furthermore, at the least, one other essential element of an estoppel by conduct as enumerated in Dye v. Crary, 13 N.M. 439, 85 P. 1038, 9 L.R.A.,N.S., 1136, is absent in the case at bar. The representation relied upon as constituting the estoppel must have been made with knowledge of the facts. Not only is there a dearth of evidence that such was the case, but there is an affirmative finding that defendant did not know that part of the equipment purchased was second-hand.

It was peculiarly the province of the trial court to determine and find whether the necessary elements existed to support an estoppel. The findings made are not sufficient to warrant us in holding as a matter of law that defendant is estopped to assert his counterclaim. We apprehend that the law of Texas and of New Mexico are the same as respects proof of an estoppel but, whether so or not, and conceding but not deciding that this is a Texas contract, the lex fori determines the competency, admissibility, quality and degree of evidence, the quantum of evidence required to take a case to the jury and the right to direct a verdict for insufficiency of the evidence. 11 Am.Jur. 522.

The motion for rehearing will be denied and it is so ordered.

MABRY, BICKLEY, and BRICE, JJ., concur.

THREET, J., did not participate.