428 P.2d 33

GENERAL ELECTRIC CREDIT CORPORATION, Plaintiff-Appellee,

v.

Harold TIDENBERG and Ben Hatcher, Defendants-Appellants.

No. 8118.

Supreme Court of New Mexico.

May 29, 1967.

**60**

Charles E. Barnhart, Dazzo, Dazzo & Ashby, Albuquerque, for appellants.

James Sidwell, Albuquerque, for appellee.

## OPINION

OMAN, Judge, Court of Appeals.

The plaintiff, as assignee of two conditional sales contracts and two negotiable promissory notes, brought suit to recover the balances owing thereon. The defendants executed these contracts and notes in connection with their purchase from The Robert A. Cloud Company of some drycleaning units and dryers to be used in a drycleaning business operated by defendants.

Defendants admitted all the allegations of the complaint, except for the allegation that the notes and contracts had been assigned to plaintiff for a valuable consideration. They also asserted affirmative defenses and filed a counterclaim upon the basis of a claimed breach of implied warranty and misrepresentations on the part of the seller.

The deposition of the defendant, Hatcher, was taken by plaintiff, and based upon the pleadings, this deposition and an affidavit of plaintiff's credit manager, the plaintiff moved for summary judgment, which was granted.

The affidavit stated that plaintiff had acquired the conditional sales contracts from The Robert A. Cloud Company by assignment, and the two notes evidencing the indebtedness mentioned in the contracts by assignment and endorsement; that plaintiff paid the assignor a substantial sum of money for the contracts and notes; that at the time of the acquisition of the contracts and notes plaintiff had no notice of any claim or defense of any kind or character by defendants or either of them, or of any other person as against the obligations; and that plaintiff accepted the contracts and notes in good faith in reliance upon the terms and conditions thereof, including freedom from defense, counterclaim or cross claim. This affidavit was in no way controverted.

From the summary judgment in favor of plaintiff, the defendants have appealed, and their position is that the trial court erred in granting the summary judgment because plaintiff, as assignee of the seller, took the contracts and the notes subject to the defenses which defendants had against the seller, and that the following quoted provision in the contracts is void:

"* * * This agreement may be assigned without notice to Buyer and when so assigned, shall be free from any defense, counterclaim or cross complaint."

\* \* \* \* \* \*

We agree with defendants' position that a summary judgment is not properly granted if disputed issues of material fact are present. Buffington v. Continental Cas. Co., 69 N.M. 365, 367 P.2d 539 (1961); Reed v. Fish Engineering Corp., 74 N.M. 45, 390 P.2d 283 (1964). We also agree that the pleadings, depositions, affidavits and other matters presented and considered by the court, in determining whether or not there are disputed issues of material fact, must be viewed in the most favorable aspect they will bear in support of a right to trial on the issues. Gonzales v. Gackle Drilling Co., 70 N.M. 131, 371 P.2d 605 (1962). All reasonable inferences must be construed in favor of the party against whom the summary judgment is sought. Agnew v. Libby, 53 N.M. 56, 201 P.2d 775 (1949); Hewitt-Robins, Inc. v. Lea County Sand & Gravel, Inc., 70 N.M. 144, 371 P.2d 795 (1962).

However, after considering the facts in the light of these rules of construction, if the undisputed facts, as a matter of law, will support a judgment in favor of the moving party, then the summary judgment should be granted. Morris v. Miller & Smith Mfg. Co., 69 N.M. 238, 365 P.2d 664 (1961); Hubbard v. Mathis, 72 N.M. 270, 383 P.2d 240 (1963); Shipman v. Macco Corp., 74 N.M. 174, 392 P.2d 9 (1964). As stated in Pederson v. Lothman, 63 N.M. 364, 320 P.2d 378 (1958):

"Summary judgment provides a method whereby it is possible to determine whether a genuine claim for relief or defense thereof exists and whether there is a genuine issue of fact warranting the submission of the case to the jury. Agnew v. Libby et al., 53 N.M. 56, 201 P.2d 775. In a case where the facts are not in dispute, but only the legal effect of the facts is presented for determination, summary judgment may be properly granted. Ades v. Supreme Lodge Order of Ahepa, 51 N.M. 164, 181 P.2d 161; Bank of China v. Wells Fargo Bank & Union Trust Co., D.C., 104 F.Supp. 59."

Here there are no disputes of material fact, and, as above stated, defendants' contentions are that plaintiff, as assignee, took subject to the defenses against the assignor, and that the provision that the assignee shall take free from any defense, counterclaim or cross complaint is void as against the public policy of New Mexico.

We should observe that the contracts and the parties refer to the cleaning and drying units as "equipment." No question has been raised or claim asserted that these units may fall within the classification of "consumer goods" under the Uniform Commercial Code, which appears as Chapter 50A, N.M.S.A.1953 and which was adopted by the 1961 Legislature prior to the date of execution of the contracts and notes, but which did not become effective until twelve days after the date of execution. Thus, we need not and do not concern ourselves with the question of whether or not a rule different from that set forth in § 50A–9–206, N.M.S.A.1953 (Repl.1962) should be established in New Mexico for buyers of consumer goods. For an excellent comment on this section generally, see Comment, 5 Natural Resources J. 408 (1965).

Defendants rely largely on the case of State Nat. Bank of El Paso, Texas v. Cantrell, 47 N.M. 389, 143 P.2d 592, 152 A.L.R. 1216 (1943). Although the result in that case was largely predicated on a particular statute then in force relative to the pleading of a counterclaim, it did adopt the "single contract" theory, by which the assignee takes not only the rights conferred by the contract but takes subject to all the defenses arising from the contract. The contract there involved contained no agreement that defenses or claims would not be asserted against an assignee. For a case arising since the effective date of the Uniform Commercial Code in which it was held the assignee takes subject to defenses, but in which case there was no negotiable note and no agreement not to assert any defense or claim against the assignee, see Associates Loan Co. v. Walker, 76 N.M. 520, 416 P.2d 529 (1966):

We do not decide whether the "single contract" theory adopted in State Nat. Bank of El Paso, Texas v. Cantrell, supra, still prevails in New Mexico, in view of the provisions of § 50A–9–206, N.M.S.A. 1953 (Repl.1962). As already stated, the contracts and notes here involved were executed prior to the effective date of our commercial code. The result we reach herein turns upon the question of the validity of the agreement that:

"* * * This agreement may be assigned without notice to Buyer and when so assigned, shall be free from any defense, counterclaim or cross complaint."

*   *   *   *   *   *

It is conceded by plaintiff that a number of jurisdictions have held that an agreement to waive defenses is void as against public policy. It argues, however, that by adopting § 50A–9–206, N.M.S.A.1953 (Repl. 1962), the New Mexico Legislature has established a policy favoring the validity of an agreement not to assert against an assignee any claim or defense which the buyer may have against the seller, and especially when the transaction involves both a negotiable note and a security agreement as in the present case, so long as the assignee takes for value, in good faith and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument.

This section of our commercial code, prior to some slight changes made by the 1967 Legislature, read in part:

"(1) Subject to any statute or decision which establishes a different rule for buyers of consumer goods, an agreement by a buyer that he will not assert against an assignee any claim or defense which he may have against the seller is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument under the article on Commercial Paper (Article 3). A buyer who as part of one transaction signs both a negotiable instrument and a security agreement makes such an agreement."

█ We are inclined to agree with plaintiff, and especially so since public policy encourages freedom between competent parties of the right to contract, and requires the enforcement of contracts, unless they clearly contravene some positive law or rule of public morals. Walter J. Hieb Sand & Gravel, Inc. v. Universal C.I.T. Credit Corp., 332 S.W.2d 619 (Ky.1960); Straight v. James Talcott, Inc., 329 F.2d 1 (10th Cir. 1964). See Lovelace Clinic v. Murphy, 76 N.M. 645, 417 P.2d 450 (1966); Twin City Pipe Line Co. v. Harding Glass Co., 283 U.S. 353, 51 S.Ct. 476, 75 L.Ed. 1112 (1931).

In the Kentucky case just cited, the question presented was very much like that here presented. Kentucky had adopted the particular section of the commercial code here involved in language identical to that of our section above quoted, but the code had not become effective in Kentucky at the time the contracts were executed. Apparently, no negotiable notes were involved in that case. The Kentucky court, in disposing of the contention that the waiver provision of the contracts were void as being against public policy, stated:

*   *   *   *   *   *

"It is our conclusion that the waiver of defenses contained in the conditional sales agreement does not offend the public policy of this state, and, as a consequence, the trial court properly ignored Hieb's defense and correctly adjudged Universal entitled to repossession of the trucks."

*   *   *   *   *   *

See also 2 Gilmore, Security Interests in Personal Property 1094 (1965), and Comment, 5 Natural Resources J. 408, 418 (1965).

█ The defendants' last contention is that the waiver of defenses in the chattel paper here in question is in violation of the prohibition against cognovit contracts and notes as set forth in §§ 21–9–16 and 18, N.M.

S.A.1953. A reading of the statutory definition of cognovit contracts or notes, as contained in these sections of our statutes, clearly demonstrates that the waiver or agreement with which we are here concerned is not embraced within that definition. As stated in Ritchey v. Gerard, 48 N.M. 452, 152 P.2d 394 (1944):

" * * * A study of this section [21-9-16] leads us to the conclusion that the purpose and intent of the legislature, as therein expressed, is to prevent judgment from being obtained without notice or service of process by virtue of a power of attorney executed prior to the accrual of the cause of action."

In the present case defendants were served with process, they appeared and filed answer to the complaint and also filed a counterclaim, depositions were taken, and the summary judgment, from which they have taken this appeal, was entered pursuant to a motion after argument thereon.

Being of the opinion that the summary judgment was properly entered, it follows that the same must be affirmed.

It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.