This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41281**

**VILLALOBOS CONSTRUCTION COMPANY, INC.,**

Plaintiff-Appellee,

v.

**NEW MEXICO DEPARTMENT OF TRANSPORTATION,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Kathleen McGarry Ellenwood, District Court Judge**

Cervantes Law Firm, P.C.
Joseph Cervantes
Las Cruces, NM

L. Helen Bennett, P.C.
L. Helen Bennett
Albuquerque, NM

for Appellee

Stelzner, Winter, Warburton, Flores & Dawes, P.A.
Dan Gershon
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appeals both a judgment on the merits and an order awarding costs to Plaintiff. [3 RP 586] In this Court's notice of proposed disposition, we proposed to reverse on both issues. Plaintiff filed a memorandum in opposition and Defendant filed a memorandum in support, which we have duly considered. Remaining unpersuaded, we reverse the district court's award of $78,763.02 for traffic control devices and $87,033.39 in costs in favor of Plaintiff.

**{2}** In our notice of proposed disposition, we suggested that the district court erred in awarding Plaintiff $78,763.02 for traffic control devices because the plain language of the contract between Plaintiff and Defendant required Plaintiff to both document its costs resulting from the delay in this case using actual cost records and to measure expenses using generally accepted accounting principles. [CN 2] Plaintiff tacitly acknowledges that it did not document its costs caused by the delay, but makes two arguments in its memorandum in opposition concerning our proposed conclusion. [MIO 16] Plaintiff first argues that the district court appropriately awarded compensation for traffic control devices because Defendant's "errors and omissions nearly doubled the time required to complete the [p]roject . . . and resulted in foreseeable additional costs and expenses borne by" Plaintiff. [MIO 16] In support of this argument, Plaintiff relies on authorities indicating that "[i]n an action for breach of contract, the breaching party is justly responsible for all damages flowing naturally from the breach" and that a "defendant is liable for those consequential damages that were objectively foreseeable as a probable result of their breach when the contract was made." [MIO 14-15]

**{3}** Although these are well recognized general principles of contract law, we do not see how they excused Plaintiff's failure to document its costs using actual cost records and measure expenses using generally accepted accounting principles as required by the contract. "[P]ublic policy encourages freedom between competent parties of the right to contract, and requires the enforcement of contracts, unless they clearly contravene some positive law or rule of public morals." *Gen. Elec. Credit Corp. v. Tidenberg*, 1967-NMSC-126, ¶ 14, 78 N.M. 59, 428 P.2d 33. Here, Plaintiff does not assert that these terms clearly contravened positive law or a rule of public morals. Consequently, by not enforcing the provision requiring Plaintiff to adequately document the costs for the traffic control devices attributable to the delay caused by Defendant, the district court erred in awarding $78,763.02 for traffic control devices.

**{4}** Plaintiff next asserts that the doctrine of waiver by estoppel applies in this circumstance because Defendant "led [Plaintiff] to believe that . . . [Defendant] should continue to provide contractual services and would be paid for its work" and because Defendant "compensate[d] [Plaintiff] for traffic control management and did not require strict adherence to the contractual proof provisions regarding that claim." [MIO 18] Waiver by estoppel is a type of equitable estoppel where a party, through its conduct, impliedly waives certain contractual conditions. *Brown v. Taylor*, 1995-NMSC-050, ¶ 10, 120 N.M. 302, 901 P.2d 720. "The party asserting [waiver by estoppel] must establish: (1) the party to be estopped made a misleading representation by conduct; (2) the party claiming estoppel had an honest and reasonable belief based on the conduct that the party to be estopped would not assert a certain right under the contract; and (3) the

party claiming estoppel acted in reliance on the conduct to its detriment or prejudice." *Cafeteria Operators, L.P. v. Coronado-Santa Fe Assocs., L.P.*, 1998-NMCA-005, ¶ 16, 124 N.M. 440, 952 P.2d 435. We note that "[e]stoppel is rarely applied against the state or its governmental entities, and only in exceptional circumstances where there is a shocking degree of aggravated and overreaching conduct or where right and justice demand it." *Env't Control, Inc. v. City of Santa Fe*, 2002-NMCA-003, ¶ 22, 131 N.M. 450, 38 P.3d 891.

**{5}** Plaintiff does not assert that it raised estoppel below, the record does not reflect the issue was argued, and the district court did not enter any findings or conclusions related to such a theory. Nonetheless, this Court will affirm trial court rulings "on grounds not relied upon by the district court if those grounds do not require us to look beyond the factual allegations that were raised and considered below." *Atherton v. Gopin*, 2015-NMCA-003, ¶ 36, 340 P.3d 630 (internal quotation marks and citation omitted). However, we are unable to do that in this circumstance.

**{6}** Plaintiff's theory of waiver by estoppel would require this Court to assess whether and how Plaintiff was misled by Defendant's approval of the traffic control management costs, such that it failed to document its costs for traffic control devices. We would also have to make findings involving both the reasonableness of Plaintiff's belief that those documentation requirements would be waived and also whether Plaintiff somehow acted in detrimental reliance on that belief. No such findings were made below, and the facts that were before the district court are inadequate on appeal to conduct a full analysis of waiver by estoppel. *See Cent. Mkt., Ltd., Inc. v. Multi-Concept Hosp., LLC*, 2022-NMCA-021, ¶ 34, 508 P.3d 924 (concluding the party asserting waiver by estoppel did not show that it was misled to its prejudice because it did not introduce evidence "of any change of position to its detriment based on its belief").

**{7}** Regarding the award of costs, our notice of proposed disposition suggested that the district court erred in concluding that Section 109.11 of the contract was unconscionable because the contract between the parties contained a separate provision waiving attorney fees and costs for either party and that, based on our interpretation of *Fort Knox Self Storage, Inc. v. Western Technologies, Inc.*, 2006-NMCA-096, 140 N.M. 233, 142 P.3d 1, the parties chose to limit the recovery of costs, notwithstanding a prevailing party's ability to recover costs in NMSA 1978, Section 39-3-30 (1966) and Rule 1-054 NMRA. Plaintiff's memorandum in opposition does not respond to either of these proposed conclusions. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Consequently, we conclude that the district court erred in finding that Section 109.11 was unconscionable and awarding Plaintiff $87,033.39 in costs on that basis.

**{8}** Accordingly, for these reasons and those stated in our notice of proposed disposition, we reverse.

**{9}** IT IS SO ORDERED.

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**GERALD E. BACA, Judge**